# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
        Plaintiff,

    v.                                                           Case No. 04-CR-191

LUIS MARQUEZ
        Defendant.

## SENTENCING MEMORANDUM

The government charged defendant Luis Marquez with conspiracy to distribute more than five kilograms of cocaine (count one), 21 U.S.C. § 841(b)(1)(A), and use of a firearm in furtherance of a drug trafficking crime (count eleven), 18 U.S.C. § 924(c). He pleaded guilty to the charges, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. Without objection, the PSR set defendant's base offense level on count one at 34, U.S.S.G. § 2D1.1(c)(3), then subtracted 3 levels for acceptance of responsibility, § 3E1.1. Coupled with his criminal history category of I, defendant's imprisonment range on count one was 108-135 months, with a ten-year mandatory minimum required by statute. The § 924(c) count carried a mandatory five year consecutive sentence. See U.S.S.G. § 2K2.4(b).

The government moved for a downward departure on count one based on defendant's substantial assistance. Defendant requested a non-guideline sentence on that count, as well; however, my discretion in that regard was limited by 18 U.S.C. § 3553(e). In this memorandum, I set forth the reasons for the sentence imposed.

## I. BACKGROUND

Between January and July 2004, defendant conspired with others, including Ernesto Ambriz, to distribute between 15 and 50 kilograms of cocaine. Defendant met Ambriz at a casino and began supplying him with cocaine nearly every day, in amounts ranging from one ounce to one kilogram, which Ambriz then distributed. Ambriz also introduced defendant to others, whom defendant also supplied. Upon his arrest on July 28, 2004, defendant was found to be in possession of 2.5 kilograms of cocaine, packaging materials and $19,000 cash. He also kept a loaded 9mm handgun with his cocaine supply.

## II. DISCUSSION

### A. Sentencing Procedure

In imposing sentence, I follow a three-step procedure. First, I determine the advisory sentencing guideline range. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). E.g., United States v. Cull, 446 F. Supp. 2d 961, 962 (E.D. Wis. 2006).

### B. Application

#### 1. Guidelines

The parties agreed that defendant's final offense level on count one was 31, his criminal history category I, and his imprisonment range 108-135 months, with a ten-year mandatory minimum. The parties further agreed that the guideline range on the § 924(c) count was 60 months consecutive – the minimum term required by statute.

### 2. Departure

The government moved for a sentence reduction under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) on count one to reward defendant for his substantial assistance. In ruling on such a motion, the court should consider:

> (1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

The guideline directs the court to give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within the court's discretion. In attempting to quantify and link the departure to the structure of the guidelines, I use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. See United States v. Washington, 293 F. Supp. 2d 930, 934 (E.D. Wis. 2003). In the present case, the government moved under § 3553(e) as well as § 5K1.1, which allowed me to impose a sentence under the mandatory minimum term otherwise required on count one. The government requested 5 levels off the guideline applicable to that count.

3

According to the government's motion, defendant provided detailed information about his Chicago source of supply, Oscar Cabrales, which was used to obtain a complaint and search warrant for Cabrales. Defendant also identified a number of his customers in Milwaukee and Chicago, including co-defendant Jaime Reyes-Lopez and Everardo Martinez, who was indicted separately. Defendant's information was critical in setting Martinez's relevant conduct. Martinez pled guilty to cocaine distribution but contested the drug weight figure in his PSR. Defendant was produced for Martinez's sentencing hearing, and Martinez then withdrew his challenge and accepted the weight in the PSR, which had a significant effect on his guideline range. Because defendant's information was significant and useful in all of these cases, I awarded 2 levels under the first § 5K1.1 factor. I also awarded 2 levels under the second factor because the government considered defendant's information to be truthful, complete, reliable and corroborated by others.

Under the third factor, I awarded an additional 2 level reduction. Ordinarily, I award 2 levels under this factor only if the defendant engaged in pro-active cooperation on the street or testified in court. In the present case, defendant's cooperation was limited to a debriefing and agreeing to testify, which ordinarily merits a 1 level reduction. However, as the government noted, defendant was produced and prepared by the prosecutor to testify at Martinez's sentencing three or four times, but the matter was repeatedly adjourned at Martinez's request. Given the unusual nature of the proceedings and the additional stress caused by the repeated delays, I awarded a 2 level reduction under the third factor.

I awarded 1 level under the fourth factor based on defendant's report that other inmates relayed threats to him from Martinez based on his cooperation. Based on the reluctance of these other inmates to talk, the government was unable to determine the

4

precise nature of the threats or definitively trace them to Martinez, but it did believe that the threats were made. Because of their vagueness, I declined to specifically enhance Martinez's sentence based on these alleged threats. See United States v. Martinez, No. 04-CR-201, slip op. at 3-4 (E.D. Wis. Oct. 26, 2006) (Sentencing Memorandum). However, for purposes of the present motion, the important point was that defendant honestly believed that threats were made, yet he continued to cooperate. Thus, I found it appropriate to award a 1 level reduction based on danger and risk.

Finally, because defendant did not begin cooperating until after litigating pre-trial motions, I awarded no reduction for timeliness. Therefore, I reduced defendant's offense level by 7 on count one.

### 3. Section 3553

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

5

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

Because the sentencing guidelines are no longer mandatory, the court may consider the § 3553(a) factors in imposing a sentence below the now advisory range. See United States v. Booker, 543 U.S. 220, 259-60 (2005). However, Booker did not alter the court's obligation to impose statutory mandatory minimum sentences. See, e.g., United States v. Cooper, 461 F.3d 850, 856 (7th Cir. 2006). In the present case, because defendant was subject to a mandatory minimum on both counts of conviction, my discretion to consider the § 3553(a) factors was limited. Even though the government moved for a sentence reduction under § 3553(e) on the drug count, that motion did not empower me to consider the § 3553(a) factors in imposing a sentence below the mandatory minimum. Section 3553(e) allows the court to impose a sentence below the statutory minimum, but only to "reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The court may not consider other factors in imposing a sentence below the minimum. United States v. Beamon, 373 F. Supp. 2d 878, 884 (E.D. Wis. 2005).

Nevertheless, under Booker, the court may consider § 3553(a) factors in determining whether to follow the guidelines. In cases in which the guideline range is higher than the mandatory minimum, the court may consider the § 3553(a) factors in

6

determining whether to select a lower guideline range from which to depart, so long as that range is consistent with the statutory mandatory minimum. Id. at 884 (citing United States v. Hayes, 5 F.3d 292, 295 (7th Cir.1993) (holding that, where the statutory minimum is higher than the guideline range, the court departs from the statutory level, i.e. the lowest offense level that could support the statutory minimum)). Therefore, I was empowered to consider the § 3553(a) factors to determine whether to exercise discretion to depart from a lower level consistent with the mandatory minimum. See id. at 884-85.

With these principles in mind, I turned to the § 3553(a) factors.

### a. Nature of Offense

Defendant conspired with Ambriz and others to distribute cocaine. Between February and July 2004, he supplied cocaine to Ambriz almost every day, and the total weight involved was between 15 and 50 kg. As noted, at the time of his arrest defendant was found to be in possession of drugs, cash and a loaded handgun. Given the amounts involved and defendant's weapon possession, the offense was very serious. On the mitigating side, there was no evidence that defendant ever used the gun, threatened anyone with it, or carried it during any specific transaction. Nevertheless, he was subject to a mandatory five year consecutive sentence under § 924(c).

### b. Defendant's Character and Background

Defendant was thirty-three years old and had no prior record. He came to this country from Mexico illegally in 1991, never acquired legal status and thus was subject to removal. It appeared that he worked legitimate jobs at times, but mostly for cash or with a false social security number. His sister stated that he worked construction, and her

7

statements were confirmed by the fact that defendant lost his left thumb in a work accident several years ago.

Defendant married in 2002 and had an adopted daughter. His wife indicated that defendant was a hard worker and good father to their daughter. She appeared in support of defendant at his sentencing and indicated to the PSR writer that she planned to follow him to Mexico after his deportation. Defendant had ten siblings, some in the United States and some in Mexico. He did not appear to have any substance abuse problems.

### c. Purposes of Sentencing

Given his lack of record and deportable status, defendant was not a particular risk of recidivism or a significant danger to the public. However, there was a need for substantial confinement to reflect the seriousness of the offense, promote respect for the law, provide just punishment and deter others. Defendant did not appear to have correctional treatment needs.

### d. Imposition of Sentence

Given his positive personal qualities, lack of record and the somewhat mitigated nature of the offense, I exercised my discretion to depart on count one from offense level 30, the lowest level that supported the mandatory minimum. With the 7 level departure, the range on count one was 46-57 months. Under all of the circumstances, I found a sentence at the low end sufficient but not greater than necessary to satisfy the purposes of sentencing.

Therefore, I committed defendant to the custody of the Bureau of Prisons for 46 months on count 1, and 60 months consecutive on count eleven, for a total of 106 months.

Upon his release, I ordered a three-year supervised release term on each count, the conditions of which appear in the judgment.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge